IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STEPHEN LOUIS SHERMOND BUFORD**
**ADC #116840**                                                                                       **PLAINTIFF**

**V.**                              **NO. 4:23-cv-00443-KGB-ERE**

**WELLPATH and**
**SHARON ROLLANS**                                                                      **DEFENDANTS**

## ORDER

Stephen Louis Shermond Buford, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 1*. Mr. Buford's complaint alleges that, on February 28, 2022: (1) unidentified ADC officers used excessive force against him on two different occasions; (2) Nurse Sharon Rollans witnessed the ADC officers use excessive force against him, but failed to protect him from the second attack by the ADC officers; (3) following the incident, Nurse Rollans failed to provide him adequate medical care to treat his injuries; and (4) WellPath "provided inadequate medical care that did not satisfy the terms of the contract between the provider and the state" (*Doc. 1 at 4*). Mr. Buford seeks monetary relief.

The Court has screened Mr. Buford's complaint as mandated by 28 U.S.C. § 1915A.[1] For screening purposes, Mr. Buford has stated: (1) a failure to protect claim

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints

against Nurse Rollans; and (2) a medical deliberate indifference claim against Nurse Rollans.[2] The Court will issue service for Nurse Rollans by separate Order. In addition, the Court will address Mr. Buford's claims against WellPath in a separate Recommendation.

SO ORDERED 15 May 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[2] In his complaint, Mr. Buford does not seek to pursue an excessive force claim against the unidentified ADC officers.